IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CATHERINE SHUEY, | ) |
| | ) CIVIL ACTION NO. _____ |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| HELLER'S GAS, INC., | ) |
| | ) *ELECTRONICALLY FILED* |
| Defendant. | ) |

## COMPLAINT

Plaintiff, Catherine Shuey, a resident of Schuylkill County, Pennsylvania, by and through her attorneys, brings this civil action for damages against the above-named Defendant, Heller's Gas, Inc., demands a trial by jury, and complains and alleges as follows:

## JURISDICTION AND VENUE

1. This Complaint alleges illegal discrimination, harassment and retaliation on the basis of Plaintiff's gender, in violation of the laws and statutes of the United States of America, specifically Title VII of the Civil Rights act of 1964 ("Title VII"), as amended, 42 U.S.C. §2000e *et seq*., as well as pendent state law claims arising under the provisions of the Commonwealth of Pennsylvania, to wit, the Pennsylvania Human Relations Act, as amended, 43 P.S. §951, *et seq*. (the "PHRA").

1

2. The jurisdiction of this Court over this Complaint is based on federal question jurisdiction pursuant to 28 U.S.C. §§1331 and 1343, in that this District Court has original jurisdiction of all civil actions arising under the laws of the United States.

3. This Court has, and should exercise, jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4. Venue is proper in the Middle District of Pennsylvania pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to these claims occurred in this Judicial District, specifically Jonestown, Lebanon County, Pennsylvania, and under 42 U.S.C. §2000e-5(f)(3), in that among other things the unlawful discrimination practices that are the subject of this action were committed in this Judicial District.

5. Declaratory relief is sought pursuant to 20 U.S.C. §§2201 and 2202.

## THE PARTIES

6. Plaintiff, Catherine Shuey ("Ms. Shuey" or "Plaintiff"), is an adult individual residing at 112 Thompson Street, Tower City, Schuylkill County, Pennsylvania 17980.

7. Defendant, Heller's Gas Inc., ("Heller's"), is a business incorporated under the laws of the Commonwealth of Pennsylvania and maintains its headquarters

and principal place of business at 500 North Poplar Street, Berwick, Columbia County, Pennsylvania 18603.

8. At all times relevant to this Complaint, Heller's employed in excess of fifteen (15) individuals, including Ms. Shuey, and is therefore an employer as defined by Title VII and the PHRA.

## ADMINISTRATIVE PROCEEDINGS

9. On or about April 29, 2020, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (the "EEOC"), which was docketed as EEOC Charge No. 530-2020-0361, alleging Defendant discriminated against her on the basis of her gender, including harassment and disparate treatment, and retaliation, along with instructions for the EEOC to dual file her discrimination claims with the Pennsylvania Human Relations Commission (the "PHRC").

10. Plaintiff has been advised of her right to bring a civil action by receiving a Notice of Right to Sue from the EEOC, received on March 1, 2021.

11. Plaintiff has exhausted all administrative remedies available to her, and all necessary and appropriate EEOC and PHRC administrative prerequisites to the filing of this Complaint have occurred and been satisfied.

## STATEMENT OF FACTS

12. In or about March 2016, Heller's hired Ms. Shuey to work as a Receptionist in Heller's Jonestown, Pennsylvania office.

13. Soon thereafter, Ms. Shuey was promoted to work as a Customer Service Representative in the same location.

14. Immediately after her hiring at Heller's, Ms. Shuey experienced discriminatory comments from her then-Supervisor, Nicholas Warner, and from then-Service Manager, Robert Trayer.

15. Both Mr. Warner and Mr. Trayer told Ms. Shuey that her type of office work was "skirt work" and Mr. Trayer told Ms. Shuey that "a woman's place is in the bedroom or the kitchen."

16. At the end of March 2016, Mr. Warner was transferred to Heller's location in Mifflin, Pennsylvania and Ms. Shuey remained at the Jonestown location under the supervision of Elijah Fahnestock.

17. From March 2016 until early 2018, Mr. Fahnestock made attempts to remediate the discriminatory comments made to Ms. Shuey by her male co-workers.

18. Mr. Fahnestock acknowledged that Ms. Shuey was receiving inappropriate treatment from Mr. Trayer, and would correct Mr. Trayer when he made sexist comments.

19. In or around February 2018, Ms. Shuey received a promotion to the position of Delivery Manager for Heller's.

20. Because of this promotion, Mr. Warner became Ms. Shuey's manager once again, as he was promoted to the position of Regional Manager, the position to which the Delivery Managers directly reported.

21. Immediately after her promotion, Mr. Warner and Mr. Trayer continued to foster a sexually hostile work environment and discriminate against Ms. Shuey based on her female gender.

22. Mr. Trayer regularly volunteered information to Ms. Shuey about his various extramarital sexual partners and encounters.

23. In or around March 2018, Mr. Trayer had sexual intercourse with a girlfriend of a fellow Heller's employee on Ms. Shuey's desk. The following day, Mr. Trayer informed Ms. Shuey of such act by laughingly telling her not to "forget to clean off [her] desk" because of the sexual intercourse he had on her desk the prior evening.

24. Ms. Shuey made several complaints to Mr. Warner about the sexually hostile work environment she was forced to endure each day. Mr. Warner failed to act on any of Ms. Shuey's complaints.

25. In or around July 2018, Mr. Warner held a meeting to discuss a restructuring of Heller's Jonestown location.

26. Both Mr. Trayer and Ms. Shuey were present at this meeting, among other members of Heller's Jonestown staff.

27. At this meeting, Ms. Shuey addressed to the group her concerns of the sexually hostile work environment.

28. Instead of listening to Ms. Shuey, Mr. Warner told Ms. Shuey that he did not want to hear her speak up about these issues because she was "in a man's world" now and "he got enough of it at home[.]"

29. Mr. Warner's discriminatory treatment of Ms. Shuey based on her female gender continued into Mr. Warner's performance reviews of Ms. Shuey.

30. In or about May 2019, Mr. Warner conducted a performance review for Ms. Shuey.

31. In the review, Mr. Warner acknowledged Ms. Shuey's good performance in several categories – knowledge of the job, quality of work, reliability, responsibility, and cooperation.

32. Each of these categories provided an opportunity for Mr. Warner to elaborate on his reasoning for his rating. In the "reliability" category, Mr. Warner continued his discrimination against Ms. Shuey's gender and wrote: "it's not that she isn't reliable, but that she is a mother."

33. Mr. Warner used Ms. Shuey's motherhood – which did not affect her job performance – as a reason to give Ms. Shuey a lower rating on her performance review.

34. During her time as Delivery Manager for Heller's Jonestown location, Ms. Shuey was asked to also assume the duties of Delivery Manager for Heller's Carlisle location.

35. Ms. Shuey did not receive any raise in her compensation for assuming the duties of two (2) Delivery Manager positions, which doubled her workload.

36. Additionally, Heller's provided many of its male Delivery Managers with a company car to use during their course of business; Ms. Shuey was never provided with a company car.

37. Ms. Shuey raised these concerns to Mr. Warner, stating that she believed she was receiving differential treatment from her male coworkers. Mr. Warner did not acknowledge or remediate Ms. Shuey's concerns.

38. In or about February 2020, Heller's underwent a restructuring and eliminated the Delivery Manager positions from each of its locations.

39. Ms. Shuey was initially offered a position as an Office Administrator for the Jonestown location as part of the restructure, which Ms. Shuey accepted despite a pay cut from her Delivery Manager salary.

40. Ms. Shuey was told that she would soon receive direction from Heller's regarding the transition to her new position.

41. Ms. Shuey did not receive any direction from Heller's because her employment was terminated on or about February 27, 2020, mere days after she was offered the position.

42. Ms. Shuey was terminated under the pretext that Heller's was "moving in a different direction[,]" following years of sexual harassment and gender discrimination and countless good-faith complaints of such wrongful treatment.

43. Based upon these facts, Ms. Shuey believes she was discriminated against and subjected to a sexually hostile work environment on the basis of her gender, as well as retaliated against by being terminated for continuously reporting the aforementioned harassment and discrimination under the pretext that Heller's was "moving in a different direction."

## COUNT I

### TITLE VII VIOLATION
### HOSTILE WORK ENVIRONMENT

44. All prior paragraphs are incorporated herein as if set forth fully below.

45. Heller's created, permitted, tolerated, encouraged and fostered a sexually hostile, intimidating, demeaning, degrading and demoralizing environment at its Jonestown location where Ms. Shuey worked, which hostile environment was ongoing and pervasive throughout Ms. Shuey's employment.

46. The acts of Heller's, and its officers, agents and employees manifesting and permitting this hostile environment included allowing Ms. Shuey's Regional

Manager to sexually harass her and continuing to allow this situation to occur despite Ms. Shuey's repeated complaints and reports.

47. The sexually hostile environment was specifically known to Heller's management, which took no meaningful or effective action to remediate the offending behavior or to remove the offending environment following Ms. Shuey's many reports.

48. As a consequence of the hostile environment supported and encouraged by Heller's actions and failures to act, Ms. Shuey was subjected to emotional distress, physical injury, a loss of self-respect and confidence, humiliation, ridicule and a negative effect on her work product and ability to fully and effectively perform her job duties and responsibilities, all of which manifested itself in mental and physical distress, injury and damage.

49. The actions of Heller's set forth above constitute violations of Title VII of the Civil Rights Act, 2 U.S.C. §2000e et seq. (as amended) and the Civil Rights Act of 1991.

**WHEREFORE**, Plaintiff, Catherine Shuey respectfully requests this Honorable Court to enter judgement in her favor and against Defendant, Heller's Gas Inc., together with back wages, front wages, compensatory damages, punitive damages, reasonable attorneys' fees and costs, and any such other relief as this

Honorable Court deems just and appropriate, which total amount exceeds the jurisdictional limits for mandatory arbitration referral.

## COUNT II

### TITLE VII VIOLATION
### GENDER DISCRIMINATION

50. All prior paragraphs are incorporated herein as if set forth fully below.

51. Ms. Shuey was subjected to discrimination on the basis of her female gender in violation of Title VII, as described above.

52. The gender discrimination to which Ms. Shuey was subjected would have detrimentally affected any reasonable person in her position.

53. Heller's failure to maintain a workplace free from gender discrimination was intentional, malicious, and in reckless indifference to Ms. Shuey's protected federal rights.

54. At all times relevant to this complaint, Ms. Shuey was a member of a protected class.

55. As a result of Heller's actions, Ms. Shuey has had her reputation damaged and standing in the community lowered, has suffered and continues to suffer pain, humiliation, ridicule, and embarrassment before her family and friends, as well as sustained economic losses.

56. Ms. Shuey has suffered and continues to suffer irreparable harm as a result of Heller's violation of her protected federal rights.

**WHEREFORE**, Plaintiff, Catherine Shuey respectfully requests this Honorable Court to enter judgement in her favor and against Defendant, Heller's Gas Inc., together with back wages, front wages, compensatory damages, punitive damages, reasonable attorneys' fees and costs, and any such other relief as this Honorable Court deems just and appropriate, which total amount exceeds the jurisdictional limits for mandatory arbitration referral.

## COUNT III

### TITLE VII VIOLATION
### RETALIATION

57. All prior paragraphs are incorporated herein as if set forth fully below.

58. Heller's illegally retaliated against Ms. Shuey by terminating her employment as a result of Ms. Shuey's good-faith complaints of sexual harassment and discrimination by Mr. Trayer and Mr. Warner.

59. As a consequence of Heller's retaliatory actions, Ms. Shuey was subjected to economic loss, damage to her professional career, emotional distress, physical injury, a loss of self-respect and confidence, humiliation and ridicule, all of which manifested itself in mental and physical distress, injury and damage.

60. The actions of Heller's set forth above constitute violation of her protected federal rights.

**WHEREFORE**, Plaintiff, Catherine Shuey respectfully requests this Honorable Court to enter judgement in her favor and against Defendant, Heller's

Gas Inc., together with back wages, front wages, compensatory damages, punitive damages, reasonable attorneys' fees and costs, and any such other relief as this Honorable Court deems just and appropriate, which total amount exceeds the jurisdictional limits for mandatory arbitration referral.

## COUNT IV

### PHRA VIOLATIONS
### GENDER DISCRIMINATION, HOSTILE WORK ENVIRONMENT, AND RETALIATION

61. All prior paragraphs are incorporated herein as if set forth fully below.

62. This is an action arising under the provision of the PHRA and this Court has, and should exercise, pendant jurisdiction over the same because the cause of action complained of in the Count IV arises out of the same facts, events and circumstances as Counts I through III, and therefore judicial economy and fairness to the parties dictates that this Count be brought in the same Complaint.

63. By creating, permitting, tolerating, encouraging and fostering a sexually hostile, intimidating, demeaning, degrading and demoralizing environment at its office location in Jonestown, Pennsylvania where Ms. Shuey worked, Heller's violated Ms. Shuey's state rights under the PHRA, which prohibits discrimination and harassment based upon a gender with respect to the continuation and tenure of employment.

64. Heller's further violated Ms. Shuey's state rights under the PHRA by retaliating against her and terminating her employment in response to good faith complaints of sexual harassment and gender discrimination.

65. As more fully set forth in Counts I through III, Ms. Shuey has suffered directly and solely as a result of Heller's actions, great pecuniary loss, damage and harm and will continue to suffer the same for the indefinite future.

**WHEREFORE**, Plaintiff, Catherine Shuey respectfully requests this Honorable Court to enter judgement in her favor and against Defendant, Heller's Gas Inc., together with back wages, front wages, compensatory damages, reasonable attorneys' fees and costs, and any such other relief as this Honorable Court deems just and appropriate, which total amount exceeds the jurisdictional limits for mandatory arbitration referral.

## **DEMAND FOR JURY**

Pursuant to Federal Rule of Civil Procedure 38(b) and otherwise, Plaintiff respectfully demands a jury trial.

                                      Respectfully submitted,

**WEISBERG CUMMINGS, P.C.**

Dated: May 27, 2021　　　　　　*/s/ Derrek W. Cummings*
Derrek W. Cummings (PA 83286)
dcummings@weisbergcummings.com

*/s/ Larry A. Weisberg*
Larry A. Weisberg (PA 83410)
lweisberg@weisbergcummings.com

*/s/ Steve T. Mahan*
Steve T. Mahan (PA 313550)
smahan@weisbergcummings.com

2704 Commerce Drive, Suite B
Harrisburg, PA 17110
(717) 238-5707
(717) 233-8133 (Fax)

*Counsel for Plaintiff*

14